# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0176 | **DATE** | March 20, 2013 |
| **CASE TITLE** | Jimmie Buford (N62181) vs. Wexford Health Sources, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $4.23 from Plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making deductions and payments in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The motion for appointment of counsel (Dkt. No. 4), is granted. The Court appoints Amanda Jo Hamilton of Konicek & Dillon, P.C., 21 W. State Street, Geneva, IL 60134, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. The Clerk is instructed to send a copy of this order to Warden Michael Lemke, Warden, Stateville Correctional Center to notify Warden Lemke that Plaintiff is alleging that he is presently suffering from an untreated serious medical condition.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Pro se Plaintiff Jimmie Buford, a Stateville Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

    Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.23. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly

| STATEMENT |
|---|

identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Plaintiff claims that he slipped and injured his foot while walking down the stairs at the Stateville Correctional Center on August 21, 2012. He heard a pop in his foot, the foot swelled, and he has experienced considerable pain. His initial requests for medical attention were ignored, and he only received Tylenol for the pain.

Plaintiff was seen the day after the incident by Dr. Obaisi who diagnosed the injury as a ruptured Achilles tendon. Dr. Obaisi said that he would order a follow up x-ray or MRI. Plaintiff claims that he did not received the follow up x-ray or MRI until September 6, 2012. The test confirmed the ruptured Achilles tendon.

It appears that Plaintiff is still allegedly suffering from the ruptured tendon. Plaintiff claims that his "follow up care and treatment is being deliberately delayed[, and that he] is in pain everyday. On a scale of one to ten, Plaintiff's pain is a ten and on some days a twelve." (Dkt. No. 1 at 10). Plaintiff further claims that "Defendants refuse to send Plaintiff out to a surgical consult, [provide] follow-up care or to be seen by a specialist physician to fix his ruptured Achilles Tendon." (*Id.*).

Due to the seriousness of Plaintiff's allegations, the Court grants Plaintiff's motion for appointment of counsel. (Dkt. No. 4). The Court appoints Amanda Jo Hamilton of Konicek & Dillon, P.C., 21 W. State Street, Geneva, IL 60134, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel shall file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the Court.

To facilitate the proposed amended complaint and in accordance with the Court's 28 U.S.C. § 1915A screening obligation, the Court notes the following upon review of the pro se complaint. Plaintiff has plausibly alleged a claim of deliberate indifference to his objectively serious medical needs. *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006)). Furthermore, the proper Defendants are the individuals who allegedly caused the constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[P]laintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). A claim against Defendant Wexford Health Sources, Inc., must satisfy the requirements of *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658 (1978). *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

Finally, Plaintiff names a number of supervisory officials, including non medical officials, who he wrote letters to in a hope of remedying his alleged medical situation. An official may be held liable under the deliberate indifference standard for ignoring a prisoner's letters or grievances complaining about mistreatment. *Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010). However, a prison has the right to divide tasks among officials and a prisoner cannot demand that one employee intervene on his behalf when a task is delegated to

| STATEMENT |
|---|
| a second employee. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Appointing counsel would be wise to investigate these issues, along with any others she believes is appropriate, when formulating the amended complaint. |